Mark Berkowitz (Bar No. 232472017)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel.:     (212) 216-8000
Fax:     (212) 216-8001
E-mail: mberkowitz@tarterkrinsky.com
***Attorneys for Plaintiff***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PREFERRED PHARMACY PLUS LLC, <br><br> Plaintiff, <br><br> v. <br><br> CROCS, INC.; and ALLISON WAKELIN, <br><br> Defendants. | Case No. 24-cv-9694 <br><br> **COMPLAINT AND JURY TRIAL DEMAND** <br><br> ***Electronically Filed*** |

Plaintiff Preferred Pharmacy Plus LLC ("Plaintiff"), by and through its counsel, for its Complaint against CROCS, INC.("Crocs") and Allison Wakelin ("Wakelin") (collectively, "Defendants"), alleges as follows:

1.      Defendants are engaged in a scheme to manipulate, fix, and control the pricing for consumer products on online marketplaces.

2.      In furtherance of the scheme, Defendants knowingly and deliberately submit false reports of intellectual property infringement to online platforms,

including Amazon.com, in order to prevent third parties from reselling genuine products on the marketplace at competitive prices.

3.      Defendants' nefarious actions cause consumers to pay more for common goods, undermine Amazon's competitive pricing policies, and intentionally caused harm to Plaintiff.

4.      This action seeks redress for these tortious, defamatory, and anticompetitive activities.

## PARTIES

5.      Plaintiff is a company organized and existing under the laws of the State of Delaware, with an address in Northvale, New Jersey.

6.      Upon information and belief, Defendant Crocs is a Delaware corporation and maintains a place of business at 500 Eldorado Boulevard, Building 5, Broomfield, Colorado 80021.

7.      Upon information and belief, Defendant Wakelin is a Legal Administrator of Defendant Crocs and can be served at 500 Eldorado Boulevard, Building 5, Broomfield, Colorado 80021.

## JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202; the

Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331, 1338, and 1367.

9.      Defendants are subject to general and specific jurisdiction in this Court, *inter alia*, because they conduct business in this District and have committed at least some of the acts complained of herein within this District.

10.     Upon information and belief, Defendant Crocs does business in the State of New Jersey, sells large quantities of various products, including footwear products, to customers in New Jersey, engages distributors based in New Jersey, maintains an interactive website accessed by residents of New Jersey, and otherwise avails itself of the privilege of doing business in the State of New Jersey.

11.     As described further herein, each of the Defendants has purposely directed their activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

12.     Specifically, Defendant Wakelin, on behalf of Crocs, knowingly and intentionally made false and defamatory statements directed at Plaintiff and for the purpose of interfering with Plaintiff's ability to compete with Defendants.  At all relevant times, Wakelin and Crocs were aware that Plaintiff resided in New Jersey and that their illegal acts would cause harm to Plaintiff in New Jersey. Specifically, Plaintiff's Amazon storefront identifies Plaintiff's address in New Jersey:



13.    Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and the Defendants are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

14.    Upon information and belief, Defendant Crocs is in the business of manufacturing and distributing footwear products, including products sold under the CROCS marks (the "Crocs Products").

15.    Upon information and belief, Defendant Crocs is the owner of U.S. Trademark Registration No. 3836415 for CROCS (the "Crocs Registration").

16.    Upon information and belief, Defendant Wakelin is an employee of Crocs and personally submitted the fraudulent reports to Amazon described herein. Upon information and belief, Defendant Wakelin operated with the direction and support of Crocs.

17.    Plaintiff is in the business of lawfully acquiring and re-selling various consumer products for a profit.

18.    Plaintiff resells products through an Amazon storefront.

19.    Since its formation, Plaintiff has served hundreds of thousands of customers through its Amazon storefront.

20.    Defendants' illegal actions have irreparably damaged, and threaten to destroy, Plaintiff's successful business.

## ONLINE MARKETPLACES

21.    Upon information and belief, Amazon is the world's largest online retailer.

22.    According to published reports, Amazon is worth more than the next eight largest retailers located in the United States combined. *See* JP Mangalindan, *Amazon is now worth more than America's 8 largest retailers combined*, Yahoo Finance (Jan. 25, 2017), https://finance.yahoo.com/news/amazon-is-now-worth-more-than-americas-8-largest-retailers-combined-124101625.html.

23.    Amazon's online e-commerce platform allows for third-parties, like Plaintiff, to sell products on its e-commerce platform.

24.    The privilege of selling on Amazon is highly advantageous, as Amazon provides third-parties with exposure to the world marketplace on a scale that no other online retailer can currently provide.

25.     For several years, Plaintiff has had a contractual and business relationship with Amazon, such that Plaintiff was and is permitted to sell products on Amazon's e-commerce platform.

26.     Third-party sellers, like Plaintiff, create an online storefront on Amazon. When a customer buys a product on Amazon, the customer can see the online store from which the customer is purchasing a product. Thus, Plaintiff has the online equivalent of a brick-and-mortar store.

27.     A significant portion of Plaintiff's business is derived from the sale of products on Amazon and, in particular, through its Amazon storefront.

28.     Once Plaintiff acquires products from reputable sources, Plaintiff resells the same products on Amazon at a profit.

29.     In general, transactions on Plaintiff's Amazon storefront are completed by Amazon, whereby Amazon ships Plaintiff's products from an Amazon warehouse (known as "Fulfilment by Amazon" or "FBA").

30.     Plaintiff has invested significant efforts into building a successful and reputable Amazon storefront.

31.     Plaintiff's Amazon storefront has amassed over fifty-one thousand reviews and holds a near perfect customer rating.

32.     A small sample of Plaintiff's recent reviews are shown below:



33.     Any harm that comes to the relationship between Plaintiff and Amazon creates a potential for serious and irreparable injury to Plaintiff.

## DEFENDANTS ATTEMPT TO STIFLE COMPETITION BY FILING FALSE INTELLECTUAL PROPERTY COMPLAINTS

34.     Upon information and belief, Defendants seek to increase their profits by controlling the distribution and pricing of their products, including the Crocs Products, through unlawful means.

35.     As demonstrated below, Defendants have engaged in a coordinated effort to preclude select third-parties from reselling genuine Crocs Products on online marketplaces by false allegations of intellectual property infringement and defamation.

36.     Upon information and belief, the purpose of these false complaints and defamatory statements was to prevent Plaintiff from selling genuine Crocs Products on Amazon.

37.     Upon information and belief, the purpose of these false complaints was to damage Plaintiff's reputation and goodwill, such that Amazon would suspend or terminate its relationship with Plaintiff.

38.     Because Plaintiff sells only genuine products through its Amazon storefront, Defendants have no legitimate intellectual property claim(s) against Plaintiff.

39.     Under the first sale doctrine, Plaintiff is lawfully permitted to resell Crocs Products without violating the intellectual property rights or other legal rights of Defendants.

40.     The first sale doctrine provides that, once a manufacturer places a product in the stream of commerce through its first sale, it can no longer enforce its intellectual property rights with regard to resellers, so long as the resellers are selling authentic, unaltered products.

41.     It is well-known among brand owners that Amazon has a policy of acting on virtually any notice of intellectual property infringement, whether legitimate or not.

42.     As one Amazon expert explained:

In order to meet a minimum liability standard, Amazon will act upon properly submitted and completed notice claims of infringement. They will notify specified marketplace sellers which party reported them, on what listing, and how to reach that would-be rights owner via email. The rest though, is up to you. And, unless you (and possibly your legal team) can prove that the Notice claim is false, Amazon considers it valid and actionable.

***Unfortunately, word is out among potential Notice claim abusers that anyone can submit a form.*** Amazon [is] not worried about additional vetting or verification processes. Investigators merely check the form for completed content in all the right spaces, kill the listings and send off the notifications.

They don't independently verify that any of the information is actually correct, or valid. The rights owner makes a legally-binding declaration in the form, and signs it.

See Chris McCabe, *False Infringement Claims are Rife on Amazon*, WebRetailer (Apr. 11, 2018), https://www.webretailer.com/lean-commerce/false-infringement-claims-amazon/ (last visited Jun 8, 2022) (emphasis added).

43.    Upon information and belief, Defendants were, at all relevant times, aware of the foregoing Amazon policy with respect to reports of intellectual property infringement.

44.    Upon information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports of trademark infringement, regardless of the truth or veracity of the report.

45.    Upon information and belief, Defendants were, at all relevant times, aware that Amazon will act on reports that a product is "counterfeit," regardless of the truth of the report.

46.     The Lanham Act defines "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

47.     Defendants filed complaints with Amazon that alleged that Plaintiff was selling "counterfeit" Crocs Products and infringed the Crocs Registration.

48.     Defendants knew, or should have known, that such allegations were false.  Defendants' allegations of counterfeiting were objectively unreasonable, sham submissions, made in bad faith, and in an effort to prevent Plaintiff's resale of genuine Crocs Products on Amazon's e-commerce platform.

49.     Each complaint submitted to Amazon was signed under penalty of perjury by an employee or agent of Defendants.

50.     Upon information and belief, the complaints were submitted by, or at the direction of, Defendant Wakelin under penalty of perjury.

51.     For example, when submitting an infringement report to Amazon, an intellectual property rights owner must read and accept the following statements:

> "I have a good faith belief that the content(s) described above violate(s) my rights described above or those held by the rights owner, and that the use of such content(s) is contrary to law."

> "I declare, under penalty of perjury, that the information contained in this notification is correct and accurate and that I am the owner or agent of the owner of the rights described above."

Report Infringement, https://www.amazon.com/report/infringement (last visited October 31, 2019).

52.    Once confirmed through discovery, all other individual(s) responsible for the false intellectual property complaints described below, will be added as defendants in this action.

**Defendants Use False Intellectual Property Reports to Control Pricing on Amazon**

53.    On or about October 7, 2024, Defendants reported to Amazon that Plaintiff was selling "counterfeit" Crocs Products:



amazon

Hello,

Based on your Account Health Rating, your account is at risk of imminent deactivation. We removed some of your listings because we received a report from a rights owner that they may infringe the rights owner's trademark, which is a critical violation. Funds will not be transferred to you but will stay in your account while we work with you to address this issue in accordance with the Funds Withholding Policy:
https://sellercentral.amazon.com/gp/help/external/help.html?itemID=9RA9LYBJ3QP27M6

These are the rights owner's contact details:
-- Allison Wakelin
-- awakelin@crocs.com

Why did I receive this message?
All sellers on Amazon are expected to follow Amazon Selling Policies and Seller Code of Conduct. We received a report from a rights owner that one or more of your listings are inauthentic. Listing content infringing on the intellectual property of others is against our policies.

If you need help understanding why your listings may infringe the intellectual property rights of others, please search for "Intellectual Property Policy" in Seller Central Help.
https://sellercentral.amazon.com/gp/help/external/201361070

What can I do to avoid account deactivation?

To avoid account deactivation, appeal or dispute the violation that led to your account being at risk within 3 days of this notification. To do so, follow the instructions in the banner at the top of your Account Health page in Seller Central:
https://sellercentral.amazon.com/performance/dashboard?ref=ah_em_mpa

We're here to help.
If you have questions, contact us:
https://sellercentral.amazon.com/cu/contact-us/performance

To view your account performance, go to the "Account Health" page in Seller Central:
https://sellercentral.amazon.com/performance/dashboard?reftag=email_appeal
Alternatively, select "Account Health" on the home screen of the Amazon Seller app on your iOS or Android device. The Account Health dashboard shows how well your account is performing against the performance metrics and policies required to sell on Amazon.

-- Download the iOS app: https://itunes.apple.com/us/app/amazon-seller/id794141485
https://itunes.apple.com/us/app/amazon-seller/id794141485
-- Download the Android app:
https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=en_US
https://play.google.com/store/apps/details?id=com.amazon.sellermobile.android&hl=en_US

ASIN: B0014BYHJE
Infringement type: Counterfeit
Trademark asserted: Crocs
Complaint ID: 16339471771

Amazon.com

54.    The above report relates to a Crocs Product, which is referenced by its Amazon Standard Identification Number ("ASIN").

55.    The Crocs Product identified in the above report as "counterfeit" was genuine and distributed by Defendant Crocs.

56.    Prior to filing the above report, Defendants knew, or should have known, that the Crocs Product sold by Plaintiff was not "counterfeit."

57.    Defendants' allegation that the above Crocs Product was counterfeit was knowingly false and made in bad faith.

## DEFENDANTS' CONDUCT IS PART OF AN ONGOING AND CONTINUOUS COURSE OF CONDUCT

58.    The above false reports are part of an ongoing and continuous course of conduct by Defendants to interfere with the ability of third-parties to resell Crocs Products.

59.    Upon information and belief Defendants have used the same tactics against numerous merchants on the Amazon marketplace.

60.    On or about October 7, 2024 counsel for Plaintiff contacted Defendants regarding the above false report.  Defendants were unable to provide support for their sworn statements to Amazon.

61.    Defendants, nevertheless, refused to withdraw their false report, thus, evidencing their bad faith.

## HARM TO PLAINTIFF

62.    As a result of the above false intellectual property rights complaints, Plaintiff's listings relating to Crocs Products were suspended, resulting in an immediate loss of revenue.

63.    As a result of the above false intellectual property rights complaints, Amazon suspended all disbursements of funds to Plaintiff, effectively bringing its business to a standstill.

64. It is well-known that complaints to Amazon put Amazon sellers in jeopardy of a full selling suspension, meaning that Plaintiff's ability to sell any and all products on Amazon would be lost.

65. Upon information and belief, Defendants were aware that complaints to Amazon, particularly those alleging trademark infringement, result in selling suspensions.

66. At no time has Plaintiff ever sold Crocs Products that infringed any of Defendants' intellectual property or other legal rights.

67. The Crocs Products sold by Plaintiff were, at all times, authentic products bearing the name of the manufacturer, and were otherwise, at all times, sold lawfully.

68. Defendants knowingly made false intellectual property rights complaints against Plaintiff.

69. Upon information and belief, the true purpose of these complaints was to ensure the suspension of Plaintiff's marketplace listings, control pricing, and eliminate fair competition.

70. As result of Defendants' false complaints, Plaintiff's performance metrics were irreparably damaged.

71.    It is well-known that as much as 90% of all Amazon sales occur from Amazon's "buy box," a section of an Amazon product detail page where customers can add a product to their cart.

72.    Amazon determines which seller gets the "buy box" based on a number of factors, including the seller's performance metrics.

73.    Defendants' false complaints have damaged Plaintiff's metrics and caused Plaintiff to lose the "buy box" on many of its product listings.

## COUNT I - DECLARATORY JUDGMENT
### (No Trademark Infringement)

74.    Plaintiff realleges and incorporates all previous paragraphs.

75.    Defendants manufacture and distribute Crocs Products and place such products into the stream of commerce.

76.    Plaintiff stocks, displays, and resells new, genuine Crocs Products, each bearing a true mark.

77.    Defendants have submitted one or more complaints to Amazon that state that Plaintiff sold counterfeit Crocs Products.

78.    Defendants have submitted one or more complaints to Amazon that state that Plaintiff sold Crocs Products that infringed, inter alia, the Crocs Registrations.

79.    The Crocs Products sold by Plaintiff were genuine and in their original packaging.

80.     Defendants' complaints have caused the suspension of Plaintiff's selling privileges as they relate to Crocs Products.

81.     Defendants' complaints put Plaintiff in jeopardy of permanent suspension of all selling privileges, which will cause extraordinary, irreparable, and untold damage on a business that is in the virtually exclusive business of selling products on e-commerce platforms.

82.     Under these facts, an actual controversy exists between Plaintiff and Defendants.

83.     Plaintiff is entitled to a declaratory judgment that it has not violated Defendants' trademark rights or other rights, whether under Federal or State law.

## COUNT II – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

84.     Plaintiff realleges and incorporates all previous paragraphs.

85.     Plaintiff has had an advantageous business relationship with Amazon, which allows Plaintiff to sell on Amazon's e-commerce platform as a third-party seller.

86.     Plaintiff is also in a contractual relationship with Amazon.

87.     At all relevant times, Defendants were aware of Plaintiff's business relationship with Amazon, as well as Plaintiff's contractual relationship with Amazon.

88.    At all relevant times, Defendants were aware of the terms and conditions of Amazon, as well as the advantageous business relationship that comes with being an Amazon seller.

89.    Defendants intentionally and improperly interfered with Plaintiff's advantageous relationship with Amazon by falsely claiming, with knowledge of such falsity, to Amazon, that Plaintiff was selling counterfeit and infringing products.

90.    Defendants' conduct directly and proximately caused disruption of Plaintiff's relationship with Amazon.

91.    Defendants intended to cause Amazon to suspend Plaintiff's ability to sell Crocs Products on Amazon and therefore interfere with the business relationship Amazon had with Plaintiff.

92.    Defendants had actual knowledge that their actions would cause Amazon to suspend Plaintiff's ability to sell Crocs Products on Amazon.

93.    Defendants' false accusations of infringement, made directly to Amazon, were for the improper purpose of suppressing competition.

94.    Defendants' intentional actions interfered with Plaintiff's business relationship with Amazon and proximately caused Plaintiff's listings of Crocs Products to be suspended.

95.     Defendants' accusations were false and were made maliciously and with ill will.

96.     Defendants continued to submit false reports to Amazon even after being advised by Plaintiff that the reports were false and Plaintiff requested support for the allegations.

97.     Plaintiff has been damaged by suspension of these listings by losing revenue related to Crocs Products.

98.     Plaintiff is entitled to damages, costs, and attorneys' fees as allowed by law.

99.     Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## COUNT III – DEFAMATION

100.    Plaintiff realleges and incorporates all previous paragraphs.

101.    Defendants published false statements to Amazon regarding Plaintiff as described in this Complaint, including reporting to Amazon that Plaintiff's Crocs Products infringed the Crocs Registrations.

102.    Plaintiff did not infringe the Crocs Registration.

103.    Defendants' false statements were injurious to Plaintiff's business because they caused Amazon to suspend Plaintiff's selling privileges related to Crocs Products.

104. Defendants' false statements were injurious to Plaintiff's business because they caused Amazon's and Plaintiff's customers to avoid purchasing products from Plaintiff.

105. Upon information and belief, Defendants were, at a minimum, negligent in making the false statements to Amazon because, among other things, Defendants knew that Plaintiff sells genuine products.

106. Defendants' false statements are not protected by any privilege.

107. Defendants acted with actual malice or with reckless disregard for the truth of the matter contained in Defendants' false statements to Amazon and Plaintiff's customers.

108. False statements that are directed to the honesty, efficiency, or other business character traits amount to defamation per se.

109. Here, Defendants published statements that Plaintiff was engaged in trademark infringement.

110. Defendants' false statements constitute defamation *per se*.

111. Additionally, Plaintiff incurred special harm, including, but not limited to, suspension from selling Crocs Products and damage to its relationship with Amazon and its customers.

112.    Whether by defamation per se or by special harm, Plaintiff has suffered injury as Plaintiff's selling privileges related to Crocs Products have been suspended and Plaintiff has lost sales of Crocs Products and many other products.

113.    Plaintiff is entitled to damages, costs, and fees as allowed by law.

114.    Plaintiff has suffered injury and, unless Defendants are enjoined from such activity, will continue to suffer injury.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for judgment as follows:

A.    An order declaring that Plaintiff has not infringed any valid and enforceable intellectual property right owned by Defendants, including the Crocs Registration;

B.    Preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, successors and assigns, and all others in concert and privity with Defendants, from filing complaints with Amazon and any other e-commerce platform;

C.    Injunctive relief requiring Defendants to rescind all complaints that they have filed against Plaintiff;

D.    An award of all damages that Plaintiff has suffered as a result of Defendants' tortious interference;

E.     An award of all damages that Plaintiff has suffered as a result of Defendants' defamation;

F.     An award of all costs and fees incurred in this Action; and

G.     Such other and further relief as the Court shall find just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

Dated:  October 9, 2024                    Respectfully submitted,

TARTER KRINSKY & DROGIN LLP

By: *s/ Mark Berkowitz*
    Mark Berkowitz
    1350 Broadway
    New York, NY  10018
    Tel.:   (212) 216-8000
    Fax:    (212) 216-8001
    E-mail:   mberkowitz@tarterkrinsky.com

    *Attorneys for Plaintiff*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies

that the matter in controversy is not the subject of any other action pending in any

court, or of any pending arbitration or administrative proceeding.

Dated: October 9, 2024                       Respectfully submitted,

                                             TARTER KRINSKY & DROGIN LLP

                                      By: *s/ Mark Berkowitz*
                                             Mark Berkowitz (Bar No. 232472017)
                                             1350 Broadway
                                             New York, NY  10018
                                             Tel.:   (212) 216-8000
                                             Fax:    (212) 216-8001
                                             E-mail:   mberkowitz@tarterkrinsky.com

                                             *Attorneys for Plaintiff*

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies

that the above-captioned matter is not subject to compulsory arbitration.


Dated: October 9, 2024                          Respectfully submitted,

                                                TARTER KRINSKY & DROGIN LLP

                                        By: *s/ Mark Berkowitz*
                                                Mark Berkowitz (Bar No. 232472017)
                                                1350 Broadway
                                                New York, NY  10018
                                                Tel.:    (212) 216-8000
                                                Fax:     (212) 216-8001
                                                E-mail:   mberkowitz@tarterkrinsky.com

                                                *Attorneys for Plaintiff*